IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRISTOPHER S. ENLOE, | ) | |
| 2657 Ridgemore Place | ) | |
| Atlanta, Georgia 30318 | ) | |
| (404) 350-2232, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. |
| | ) | |
| v. | ) | |
| | ) | |
| CONDOLEEZZA RICE, in her | ) | |
| official capacity as | ) | |
| United States Secretary of State, | ) | |
| U.S. DEPARTMENT OF STATE | ) | |
| 2201 C STREET N.W. | | |
| WASHINGTON, D.C. 20520, | | |
| | | |
| Defendants. | | |

**COMPLAINT**

Plaintiff Christopher S. Enloe files this Complaint against Defendant Condoleezza Rice in her official capacity as United States Secretary of State, and alleges the following:

PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*, for redress of unlawful discrimination on the basis of disability, and failure to reasonably accommodate that disability.

2. As explained in more detail below, this action stems from the refusal of the United States Department of State (hereinafter the "Department") to place Plaintiff on the List of Eligible Hires for Foreign Service Officers because he has an eye condition known as keratoconus, and underwent corneal replacement surgery in an effort to correct the condition. To remedy this violation of the Rehabilitation Act, Plaintiff seeks injunctive relief, compensatory damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). This action is authorized pursuant to 29 U.S.C. § 791, and 29 C.F.R. § 1614.203.

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) because on information and belief, Defendant Condoleezza Rice resides in this judicial district, and because a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

## PARTIES

5. Plaintiff is a citizen of the United States and resides in Atlanta, Georgia.

6. Defendant Condoleezza Rice is the United States Secretary of State, and thus head of a federal department in this judicial district that is subject to the Rehabilitation Act and the proper defendant in this case. The United States Foreign Service is an agency of the State Department and is therefore prohibited,

pursuant to the Rehabilitation Act, from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment.

## FACTS AND CONDITIONS PRECEDENT

7.   Plaintiff realleges paragraphs 1-6 of this Complaint as if fully set forth herein.

8.  Plaintiff applied for a position as a Foreign Service Officer in or about July 2001 by submitting the necessary forms to take the written Foreign Service examination.

9.  Plaintiff took the written Foreign Service Examination in or about September 2001.

10.  In or about December 2001, Plaintiff was told by the State Department that that he had passed the written examination, and thus was invited to Washington, D.C. to sit for the oral assessment.

11. In April 2002, Plaintiff took the oral assessment in Washington, D.C.

12.  Plaintiff passed the oral assessment, and thus received a conditional offer to become a Foreign Service Officer in April 2002.

13.  The Foreign Service requires all successful applicants to obtain some type of medical clearance as a condition of employment.

14.  In May 2002, Plaintiff was examined by his doctor as part of the medical clearance process required of all successful Foreign Service candidates.

15. Plaintiff's doctor filled out the necessary forms and conducted the necessary tests, and stated that Plaintiff was 'a healthy 35 year old male." Those forms were then submitted to the Foreign Service.

16. Plaintiff also completed a medical history form at this stage.

17. Asked to note any hospitalizations, operations, or medical evacuations, Plaintiff noted that he had had his wisdom teeth removed in 1990, and that he had undergone corneal transplant surgery in 2001.

18. The corneal replacement surgery was recommended by Plaintiff's eye doctors as a means of alleviating the effects of an eye condition known as keratoconus.

19. Keratoconus is "a non-inflammatory eye condition in which the normally round dome-shaped cornea progressively thins causing a cone-like bulge to develop. This results in significant visual impairment. The cornea is the clear window of the eye and is responsible for refracting most of the light coming into the eye. Therefore, abnormalities of the cornea severely affect the way we see the world making simple tasks, like driving, watching TV or reading a book difficult." http://www.nkcf.org/ (website of the National Keratoconus Foundation.); *see also* National Institutes of Health website, at http://www.nlm.nih.gov/medlineplus/ency/article/001013.htm ("Keratoconus is a deterioration of the structure of the cornea with gradual bulging from the normal round shape to a cone shape. This condition causes decreased visual acuity.")

4

20. Plaintiff sent the medical history form to the Foreign Service in or about June 2002.

21. In August 2002, Plaintiff was told by a nurse employed by the State Department that she had received his medical forms, that based on his keratoconus and corneal replacement she had concluded he did not meet the requirement of worldwide availability, and thus that she would recommend that he not be granted the medical clearance required for service abroad.

22. Plaintiff was not seen by any doctor or other medical professional employed or retained by Defendant before this assessment was made, and has not been seen by any such professional to date.

23. On information and belief, no doctor employed or retained by the State Department reviewed the medical forms submitted by Plaintiff, or was consulted on the decision to deny the medical clearance.

24. Plaintiff explained to the nurse who called him that her determination concerning his availability for service abroad was mistaken, and offered to submit letters to that effect from his treating physicians.

25. Plaintiff eventually was told that the decision denying clearance was final, and that the only option remaining if he wished to continue to pursue employment as a Foreign Service Officer was to seek a waiver of the worldwide medical clearance.

26. Plaintiff timely sought this waiver, but his request was denied in April 2003.

27. Following the denial of the waiver request, Plaintiff timely contacted the Department's Office of Civil Rights in 2003 and filed a formal administrative complaint alleging that the Department's decision to revoke its offer to serve as a Foreign Service Officer was based on disability, as defined by and in violation of the Rehabilitation Act.

28. Defendant's Office of Civil Rights accepted Plaintiff's complaint, but ultimately denied it in February 2004.

29. Plaintiff thereafter timely appealed this Final Agency Decision to the Equal Employment Opportunity Commission in March 2004.

30. The EEOC accepted this appeal, but ultimately denied it and issued a right to sue notice to Plaintiff that it certified was mailed to Plaintiff on August 10, 2005, though the envelope used for the mailing is post stamped August 11, 2005; for timeliness purposes, the EEOC stated that it would assume the decision was received by Plaintiff within five calendar days of the mailing date of August 10, 2005.

31. On information and belief, but for his eye condition and transplant, Plaintiff would have received Class I clearance and been deemed available for service worldwide.

32. If Plaintiff had received Class I clearance (or a waiver), Plaintiff would have been placed on the List of Eligible Hires, from which overseas assignments are made by the Department.

33. Plaintiff has exhausted the administrative remedies available to him under the Rehabilitation Act. All conditions precedent to the institution of this suit have been fulfilled, and this case has been timely filed.

## COUNT ONE - REHABILITATION ACT § 501

34. Plaintiff realleges paragraphs 1-33 of this Complaint as if fully set forth herein.

35. Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, prohibits the federal government from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment, and requires the federal government to take affirmative action to employ people with disabilities who can perform, with or without reasonable accommodation, the essential functions of a particular job. This prohibition and mandate similarly protects people whom the federal government regards as disabled or who have a record of disability.

36. Due to his eye condition and corrective surgery, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, such that he is a person with a disability within the meaning of the Rehabilitation Act.

7

37. Likewise, due to Plaintiff's eye condition and corrective surgery, Plaintiff has a record of a disability, such that he is a person with a disability within the meaning of the Rehabilitation Act.

38. Additionally, as a result of his eye condition and the corrective surgery, the Department regards Plaintiff as a having a physical impairment that substantially limits one or more of his major life activities, such that he is a person with a disability within the meaning of the Rehabilitation Act.

39. Given his job skills and physical condition, Plaintiff is capable of safely performing all the essential functions of a Foreign Service Officer without accommodation, and thus is a qualified person with a disability under the Act.

40. The Department therefore violated section 501 of the Rehabilitation Act when it denied Plaintiff Class I medical clearance and revoked its offer of employment on account of his disability.

41. In the alternative, given his job skills and physical condition, Plaintiff is capable of safely performing all the essential functions of a Foreign Service Officer with reasonable accommodation such as, but not limited to, granting Plaintiff a waiver of the Class I requirement, and thus is a qualified person with a disability under the Act.

42. The Department violated section 501 of the Rehabilitation Act when it denied Plaintiff such or other accommodations and thereby discriminated against him on the basis of his disability.

43. Further, the Department violated the Rehabilitation Act by failing to honor its offer to Plaintiff and by failing to accommodate Plaintiff in violation of section 501's requirement that federal employers take affirmative action to hire otherwise qualified candidates with disabilities.

## DEMAND FOR JURY TRIAL

44. Plaintiff realleges paragraphs 1-43 of this Complaint as if fully set forth herein.

45. Plaintiff demands a trial by jury on all issues.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following:

a) a trial by jury;

b) that this Court order the Department to grant Plaintiff a Class I medical clearance and place him where he would have been placed on the List of Eligible Hires for the Foreign Service but for the noted discrimination, or order the Department to offer Plaintiff reasonable accommodation and to place Plaintiff where he would have been placed on the List of Eligible Hires for the Foreign Service but for the noted discrimination;

  c) that this Court order the Department to pay Plaintiff the value of any lost wages and benefits, as well as compensatory damages as authorized by the Rehabilitation Act;

  d) that this Court order the Department to pay any attorneys' fees and costs incurred during this case and in the administrative proceedings that preceded it, as authorized by law; and

  e) that this Court order any such further relief as it deems just and proper.

  Respectfully submitted this 7th day of November, 2005.

_____
Chris Enloe, *pro se*
2657 Ridgemore Place
Atlanta, Georgia 30318
chrisenloe@comcast.net
(404) 441-7913