## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER S. ENLOE,** ) | |
| **2657 Ridgemore Place** ) | |
| **Atlanta, Georgia 30318** ) | |
| ) | |
|              **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 05-2193 (RBW)** |
| **CONDOLEEZZA RICE, in her official** ) | |
| **capacity as United States Secretary of State,** ) | |
| **U.S. DEPARTMENT OF STATE** ) | |
| **2201 C. STREET N.W.** ) | |
| **Washington, D.C. 20520** ) | |
|              **Defendant.** ) | |

## STIPULATED SETTLEMENT AGREEMENT

Condoleezza Rice, in her official capacity as Secretary of State, the United States

Department of State ("Defendant") and Christopher S. Enloe ("Plaintiff"), (collectively

referred to as the "Parties"), hereby agree that a settlement in this matter has been reached

and stipulated to as follows:

**WHEREAS**, Plaintiff has filed the above-captioned civil action now pending

before the United States District Court for the District of Columbia, styled <u>Christopher S.</u>

<u>Enloe v. Condoleeza Rice, in her official capacity as United States Secretary of State,</u>

<u>U.S. Department of State,</u> Civil No. 1:05CV02193 (RBW) ("the Litigation"), alleging

discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq.,

and

**WHEREAS**, Defendant has denied the allegations of discrimination in violation

of the Rehabilitation Act of 1973 in the above-captioned civil action; and

**WHEREAS,** in return for the mutual promises specified herein (the "Agreement"), the Parties have agreed to resolve the Litigation and release any further rights and claims that they have or may have against each other, including, without limitation, any and all such claims that have or could have been asserted in connection with the Litigation and any and all monetary claims, including, without limitation, claims for compensatory damages, loss of leave, equitable relief, attorneys' fees, costs, and other economic damages.

**NOW THEREFORE,** in consideration of the mutual promises specified herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. In exchange for promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees:

a. To extend to Plaintiff a conditional offer of employment as a Junior Foreign Service Officer Career Candidate, in accordance with Department of State Regulations at 22 C.F.R. § 11.1, within three (3) business days of the date upon which the Parties enter into this Agreement. Plaintiff will comply fully and promptly with all requests for information from the Department of State in furtherance of the medical clearance process, security clearance review, and final suitability determination mandated by 22 C.F.R. § 11.1.

b. Provided that Plaintiff has met the standards for medical clearance for worldwide availability, is found eligible for a security clearance, and passes the final suitability review as set forth in 22 C.F.R. § 11.1(e) and relevant Department of State

regulations, Defendant shall place Plaintiff on the register for hiring into the Foreign

Service in accordance with his Oral Assessment Score, within four (4) business days after

he passes the final suitability review, thereby rendering Plaintiff eligible to be appointed

to the United States Foreign Service pursuant to 22 C.F.R. § 11.1(f)-(g). Defendant

agrees not to deny Plaintiff medical clearance for worldwide availability based on the

corneal transplant surgery Plaintiff underwent that is the subject of the Litigation.

      c. Defendant does not guarantee that Plaintiff will be appointed to the

Foreign Service. Plaintiff's name will remain on the hiring register for a period of

eighteen (18) months or until hired into an appropriate position, whichever occurs first.

If Plaintiff is not appointed to a Foreign Service position within eighteen (18) months of

being placed on the hiring register, Plaintiff will be removed from the register in

accordance with the standards set forth at 22 C.F.R. § 11.1(h).

      d. Nothing in these paragraphs shall prevent, or be construed as preventing

Defendant from asserting defenses that arise subsequent to the date this Litigation is

dismissed pursuant to this Agreement.

      2. In exchange for the promises made by Defendant in Paragraph 1 of this

Agreement, Plaintiff agrees:

      a. To forever waive, release and abandon any and all claims against

Defendant, the Federal government and other Federal agencies and their respective

employees and agents, in their official or individual capacities, arising out of Plaintiff's

application for employment as a United States Foreign Service employee with the

Department of State prior to the date of this Agreement. Such waived, released and

abandoned claims and defenses include, but are not limited to, those which were or could have been asserted in the above-captioned action and any other complaint, grievance, appeal, charge or like or related action filed or pending in any other forum whatsoever, as well as any and all other claims or defenses arising out of Plaintiff's application for employment with the Department of State, prior to and including the date this action is dismissed pursuant to this Agreement.

b. Nothing in these paragraphs shall prevent, or be construed as preventing, Plaintiff from asserting claims against the Department of State or its employees, agents, attorneys, representatives, predecessors and successors, that arise subsequent to the date this Litigation is dismissed pursuant to this Agreement.

3. Plaintiff and Defendant enter into this Agreement in order to effect full and final settlement of any and all matters that Plaintiff or Defendant raised or could have raised in this Litigation, as well as any and all other claims made prior to the dismissal of this action pursuant to this Agreement. This Agreement shall represent full and complete satisfaction of any and all claims, defenses, appeals, demands, rights and causes of action of whatever kind and nature made heretofore, and particularly (1) those involving or reasonably related to the claims set forth in the Complaint in this Litigation, including but not limited to: all claims of discrimination that have been, or could be, made in this case, particularly including disability discrimination claims; (2) all claims for costs and attorneys' fees; (3) all pending Equal Employment Opportunity complaints, both formal and informal; and (4) any grievances, appeals, civil actions, and/or complaints filed with the Office of Special Counsel, Federal Labor Relations Authority, Merit Systems

Protection Board, Office of Personnel Management, General Accountability Office, or any other Federal agency, administrative court or tribunal. In particular, and without limitation, this Agreement shall include all possible claims by Plaintiff against Defendant, and by Defendant against Plaintiff, for compensatory damages, loss of leave, equitable relief and attorneys' fees and costs incurred in connection with any administrative Equal Employment Opportunity process, the District Court and U.S. Court of Appeals litigation processes and any other proceedings involving the claims raised in this action prior to and including the date of this Agreement.

4. By signing this Agreement, neither party, their past or present agents, servants, employees, representatives or officers, admits to any wrongdoing, fault, or liability of any kind. The Parties understand and agree that this Agreement is for their mutual benefit, and is entered into by the Parties for the sole purpose of compromising disputed claims and avoiding the expense and risks of further litigation.

5. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

6. This Agreement shall not establish any precedent nor will this Agreement serve as a basis by Plaintiff, or other person or organization representing Plaintiff, to justify similar terms and/or conditions in any subsequent dispute, claim, demand, action, cause of action, complaint, or suit against Defendant or any department, agency or instrumentality of the United States, whether formal or informal, administrative or judicial in nature.

7. The Parties agree that this Agreement will not be used as evidence or

otherwise in any pending or future civil or administrative action against Defendant or any department, agency or instrumentality of the United States.

8. Plaintiff understands that by executing this Agreement, he is relinquishing any rights or claims which arose or could have arisen under 29 U.S.C. § 791, et seq. (the Rehabilitation Act of 1973) prior to the execution of this Agreement. Plaintiff agrees that he is hereby being advised by the Agency in writing to consult with an attorney prior to executing this Agreement; and he agrees that he has been provided a reasonable period of time of not less than ten (10) days in which to consider this Agreement prior to executing it. Plaintiff represents that he has read this Agreement and that he enters into this Agreement knowingly and voluntarily, with full understanding of its terms and conditions. Finally, the Plaintiff understands that he has a period of seven (7) days following the date on which he executes the Agreement to revoke the Agreement. Therefore, this Agreement shall not become effective or enforceable until the eighth (8th) day after the date upon which the Plaintiff signs it. Any revocation, in order to be effective, must be in writing and delivered within the seven-day revocation period to Assistant United States Attorney, Marian L. Borum, or her successor, at her address of record: United States Attorney's Office for the District of Columbia, 555 Fourth Street, Civil Division, N.W., Washington, D.C. 20530.

9. Plaintiff acknowledges that he has read this entire Agreement and that he understands all of its terms and conditions. Plaintiff acknowledges that he has entered into this Agreement voluntarily. Further, Plaintiff acknowledges that the Defendant has not imposed any undue hardship, duress, threat of reprisal, or coercion in connection with

the execution of this Agreement.

10. The Parties participated in, or had the opportunity to participate in, drafting this Agreement. This Agreement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both Parties. In the event any portion of this Agreement shall be determined to be invalid under any applicable law, such provision shall be deemed void and the remainder of this Agreement shall continue in full force and effect.

11. The Parties, without further consideration, agree to cooperate fully and to execute and deliver any and all documents and take such other action as may be necessary to implement and effectuate the provisions of this Agreement.

12. Each party agrees to make good faith efforts to resolve any dispute arising from or regarding this Agreement prior to bringing it to the Court's attention. Should either party at any time believe that the other party is in breach of this Agreement, prior to bringing the matter to the Court's attention, that party shall notify the other party in writing of the particular section of this Agreement that has allegedly been breached and the action(s) that constitute the breach. The other party shall then have thirty (30) days to respond to such claims prior to the injured party's bringing the alleged breach to the attention of the Court.

13. The signatories hereto hereby warrant that they are fully authorized to sign this Agreement on behalf of themselves, if they are signing in their individual capacity, or on behalf of the entity they represent, if they are signing on behalf of an entity.

14. This action, Civil No. 1:05CV02193 (RBW), is dismissed with prejudice

pursuant to Fed. R. Civ. P. 41(a)(1), except that the Court shall have jurisdiction to enforce and/or reinstate this action on motion of any party to resolve a claim of noncompliance with the terms of the Agreement.

WHEREFORE, the Parties hereto hereby execute this Settlement Agreement this

_21st_ day of _July_____, 2006.

Respectfully submitted,

CHRISTOPHER S. ENLOE
Plaintiff  July 21. 2006

KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney

MARIAN L. BORUM
D.C. Bar # 435409
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531

IT IS SO ORDERED this _____ day of _____, 2006

_____
United States District Judge